UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| IN RE SYNGENTA AG MIR162 | ) | |
| CORN LITIGATION | ) | Case No. 14-md-2591-JWL |
| | ) | |
| THIS DOCUMENT RELATES TO: | ) | MDL No. 2591 |
| *The Delong Co., Inc. v. Syngenta* | ) | |
| *AG, et al.,* No. 17-cv-2614-JWL | ) | |
| _____ | ) | |

## **ORDER**

This individual case within the *In re Syngenta MIR162 Corn Litigation* comes before the undersigned U.S. Magistrate Judge, James P. O'Hara, on a motion by Syngenta[1] to strike the expert disclosures of plaintiff The DeLong Co., Inc. ("DeLong") that designate Randal Giroux and Joseph Keaschall as non-retained experts whose opinions will be offered at trial (ECF No. 63). Because the requests for relief in the motion are premature, the motion is denied.

This MDL includes hundreds of similar suits filed against Syngenta by corn farmers and others in the United States corn industry. The suits generally relate to Syngenta's commercialization of genetically-modified corn-seed products that contained a trait not approved by China, allegedly a major export market. Plaintiffs in the suits allege that genetically-modified corn was commingled in the United States corn supply, that China

---

[1] Defendants (Syngenta AG, Syngenta Crop Protection AG, Syngenta Corporation, Syngenta Crop Protection, LLC, and Syngenta Seeds, LLC) are referred to collectively as "Syngenta."

rejected imports of all corn from the United States because of the presence of the trait, and that such rejection caused corn prices to drop in the United States.

In the present case, DeLong, an exporter of corn and corn by-products, alleges it suffered economic losses after China began rejecting corn shipments from the United States.  On August 26, 2019, the presiding U.S. District Judge, John W. Lungstrum, dismissed most of DeLong's claims against Syngenta, but one negligence claim remains.[2] The case is scheduled for trial in the District of Kansas, to begin on April 26, 2021.[3]

On July 17, 2020 (the very last day permitted under the scheduling order then in effect), DeLong disclosed three experts pursuant to Fed. R. Civ. P. 26(a)(2)(A).[4]  DeLong indicated it planned to present two of the experts, Randal Giroux and Joseph Keaschall, by their prior testimony given in the MDL.  In the instant motion, Syngenta asks the court to "order DeLong to procure Mr. Giroux's deposition" or "strike Mr. Giroux's disclosure and preclude DeLong from relying on him as an expert at trial."[5]  Syngenta further requests the court "strike DeLong's disclosure of Dr. Keaschall," and preclude admission at trial of his prior testimony because Dr. Keaschall is now deceased and cannot be deposed.

---

[2] ECF No. 23.

[3] ECF No. 56.  The parties filed a joint waiver of *Lexecon* rights on July 7, 2020. ECF No. 60.  Judge Lungstrum has informed the undersigned he intends to proceed with the trial as scheduled, subject, of course, to any ruling on anticipated motions for summary judgment.

[4] ECF No. 64-1.

[5] ECF No. 63 at 2-3.

O:\14-MD-2591-JWL, Syngenta\17-2614-JWL-63.docx

Mr. Giroux.  The court first considers Syngenta's requests with respect to Mr. Giroux.  Syngenta argues it is entitled to depose Mr. Giroux under Fed. R. Civ. P. 26(b)(4)(A) and that the onus is on DeLong to produce him for a deposition.  Syngenta is correct on its first contention, but wrong on its second.

Mr. Giroux is a vice president at Cargill, Inc., which was a defendant in the MDL.[6]  He was deposed by Syngenta three times in the MDL (as a corporate representative of Cargill, as a fact witness in his individual capacity, and as a non-retained expert witness) and one time in a related Louisiana state-court case.[7]  The last of these depositions occurred on December 21, 2017.[8]  DeLong has designated Mr. Giroux as a non-retained expert under Rule 26(a)(2)(C).  Syngenta asserts it should be able to question Mr. Giroux about the application of his opinions to the facts of this individual case and about the impact on his opinions of events that have occurred since he last testified.

Under Rule 26(b)(4)(A), "A party may depose any person who has been identified as an expert whose opinions may be presented at trial."  Caselaw makes clear this rule applies to retained and non-retained experts alike.[9]  Because Mr. Giroux has been identified

---

[6] ECF No. 65-2 at 2.  Judge Lungstrum entered an order dismissing Cargill on August 17, 2016.  ECF No. 2426 in Case No. 14-md-2591.

[7] ECF No. 65-2 at 3.

[8] *Id.*

[9] *See Wreath v. United States,* 161 F.R.D. 448, 450 (D. Kan. 1995) (ruling that a deposition "of any person identified as an expert witness may be taken" under Rule 26(b)(4), regardless of if the expert was retained or specially employed); *Hoover v. United States*, No. 01-C-2372, 2002 WL 1949734, at *3-5 (N.D. Ill. Aug. 22, 2002) ("[W]e read

3

by DeLong as an expert whose opinions it intends to present at trial, there is no doubt Syngenta may depose him.[10]

However, the court is not persuaded that DeLong, as the designating party, has an obligation to produce Mr. Giroux for a deposition. Mr. Giroux is not a party, nor is he an employee of DeLong who is under DeLong's control. His employer, Cargill, is not a party and has refused to make him available for a deposition.[11] Thus, if Mr. Giroux is not willing to voluntarily sit for a deposition (and perhaps he will be after reading this order), Syngenta must follow the procedure set out in Fed. R. Civ. P. 45 for subpoenaing a nonparty to attend

---

the first sentence of Rule 26(b)(4)(A) to allow the deposition of any witness disclosed under Rule 26(a)(2)(A) who may offer expert testimony at trial, whether that person is a retained expert or not."); *Sununu v. Philippine Airlines, Inc*., No. CIV. A. 981192, 2010 WL 3927601, at *2 (D.D.C. Oct. 4, 2010) (holding non-retained witness designated a "hybrid fact/expert witness" was subject to deposition under Rule 26(b)(4)(A)); *Allstate Ins. Co. v. Nassiri*, No. 2:08-CV-00369, 2011 WL 2975461, at *10 (D. Nev. July 21, 2011) (holding defendants were entitled to depose plaintiff's employee whom plaintiff designated as a non-retained expert).

[10] While not raised in the parties' briefs, the court notes that Syngenta, as the party seeking Mr. Giroux's deposition, would be obligated to pay Mr. Giroux a "reasonable fee" under Fed. R. Civ. P. 26(b)(4)(E). *See Hoover*, 2002 WL 1949734, at *4.

[11] *See* ECF No. 65-2 at 2; ECF No. 65-1 at 7. In this respect, the facts here are distinguishable from cases cited by Syngenta in which a party has designated its employee as a non-retained expert and a court has granted a motion to compel the employee's deposition. In addition, the court is not persuaded by *Miller v. Int'l Bus. Machines*, No. C 02-2118 MJJ, 2006 WL 995160, at *2 (N.D. Cal. Apr. 14, 2006), in which the court noted with no analysis that it ordered a party "to make available for deposition any 'non-retained experts' or fact witnesses that were disclosed on or after the fact discovery cut-off date."

4

a deposition.[12]  Rule 45 appropriately gives a nonparty an opportunity to be heard on the subpoena, including the right to file a motion to quash or modify it.[13]

It appears Syngenta initially recognized this path to obtaining Mr. Giroux's deposition and asked counsel at Greene Espel LLP, who jointly represents Mr. Giroux and Cargill, whether she would accept a subpoena to Mr. Giroux.[14]  Counsel agreed to accept the subpoena, but asserted Syngenta had no right to depose Mr. Giroux and indicated Mr. Giroux and Cargill would be moving to quash the subpoena.[15]  At that point, Syngenta withdrew the subpoena and filed the instant motion.[16]  The request in Syngenta's motion to order DeLong to produce Mr. Giroux attempts to obtain Mr. Giroux's deposition via a procedure that silences his stated objection to being deposed.  The court will not sanction such an end-round approach to obtaining the Rule 26(b)(4) deposition of a non-retained expert.

---

[12] *See* Fed. R. Civ. P. 30(a)(1) ("The deponent's attendance may be compelled by subpoena under Rule 45.").  *See also, e.g., Shepler v. Metro-N. Commuter R.R.,* No. 13-CIV-7192, 2016 WL 1532251, at *3 (S.D.N.Y. Apr. 15, 2016) ("If Plaintiff seeks to take [non-retained expert witness's] deposition, Plaintiff is required to obtain a subpoena."); *Gilbert v. Rare Moon Media, LLC,* No. 15-mc-217-CM, 2016 WL 141635, at *2 (D. Kan. Jan. 12, 2016) (noting that "Rule 45 of the Federal Rules of Civil Procedure governs discovery of non-parties by subpoena" and granting motion to compel non-party witness to comply with deposition subpoena).

[13] Fed. R. Civ. P. 45(d).

[14] ECF No. 65-2 at 4; ECF No. 64 at ¶ 4.

[15] ECF No. 65-2 at 4-5.

[16] *Id.* at 6.

5

O:\14-MD-2591-JWL, Syngenta\17-2614-JWL-63.docx

Should Syngenta still wish to pursue Mr. Giroux's deposition, the court grants it until **September 8, 2020**, to re-serve a subpoena on Mr. Giroux.[17]   Should Mr. Giroux decide to seek relief from the subpoena under Rule 45(d) in the District of Minnesota (the district where Mr. Giroux resides and where the subpoena would presumably command compliance in accordance with Rule 45(c)), Syngenta shall immediately inform the assigned Minnesota judge that the undersigned magistrate judge is amenable to accepting transfer of the motion under Rule 45(f).[18]   Syngenta shall also immediately contact the undersigned's chambers with regard to any such filing in Minnesota.

To the extent the instant motion seeks to preclude at trial the admission of Mr. Giroux's past deposition or trial testimony—either because Syngenta ultimately is unable to obtain another deposition from Mr. Giroux[19] or because the MDL Coordination Order allegedly would prohibit it[20]—such relief is premature.  It is more appropriately sought in a motion in limine to exclude expert testimony at trial.  Under the Fourth Amended

---

[17] The court is extending, sue sponte, the scheduling-order deadline for Syngenta to complete discovery from DeLong's experts only as to Mr. Giroux.

[18] To be clear, at least based on the record in this court, but subject of course to further input by Mr. Giroux and Cargill, should the issue come back to the undersigned magistrate judge, he would generally be inclined to order Mr. Giroux to sit for a very limited, short follow-up deposition, with his fees paid by Syngenta, solely to address the applicability of his opinions to this individual action.

[19] *See* ECF No. 66 at 3 (Syngenta's argument that DeLong should not be permitted to offer expert testimony at trial from an expert who cannot or will not sit for a deposition).

[20] *See* ECF No. 63 at 4 and ECF No. 66 at 3-4 (Syngenta's argument that the MDL Coordination Order generally does not permit expert depositions taken in one action to be used in another action).

O:\14-MD-2591-JWL, Syngenta\17-2614-JWL-63.docx

Scheduling order, *Daubert* motions are due by October 23, 2020.[21]  The court recognizes, however, that if Mr. Giroux does not agree to voluntarily sit for a deposition and relief is sought under Rule 45, Syngenta may not be in a position to meet that deadline.  If such is the case, the court will favorably entertain a motion for an extension of the deadline, solely as it relates to Mr. Giroux.

<u>Dr. Keaschall.</u>  The court also denies Syngenta's request to strike the designation of Dr. Keaschall.  The essence of what Syngenta is seeking is the preclusion of Dr. Keaschall's MDL testimony at the trial in this individual action.  As mentioned above, this form of relief is more appropriately sought in a motion in limine to exclude expert testimony.  Syngenta is permitted to re-assert this request to Judge Lungstrum.  Any such motion in limine, however, must be filed by the October 23, 2020 deadline for *Daubert* motions.

IT IS THEREFORE ORDERED that Syngenta's motion to strike expert designations is denied, as discussed herein.

Dated September 4, 2020, at Kansas City, Kansas.

 s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

---

[21] ECF No. 56.

O:\14-MD-2591-JWL, Syngenta\17-2614-JWL-63.docx