UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

IN RE SYNGENTA AG MIR162 )
CORN LITIGATION ) Case No. 14-md-2591-JWL
 )
THIS DOCUMENT RELATES TO: ) MDL No. 2591
 *The Delong Co., Inc. v. Syngenta* )
 *AG, et al.*, No. 17-cv-2614-JWL )
_____)

# ORDER

This individual case within the *In re Syngenta MIR162 Corn Litigation* is before the undersigned U.S. Magistrate Judge, James P. O'Hara, on a motion by non-party Randal Giroux to quash the deposition subpoena served him by Syngenta[1] (ECF No. 74). In the interest of judicial economy, the motion is conditionally granted, subject to being reinstated if the presiding U.S. District Judge, John W. Lungstrum, does not preclude Giroux's testimony in a ruling *in limine*.

The question of whether and how Giroux should be deposed in this individual case is not new. After plaintiff The DeLong Co., Inc. ("DeLong") designated Giroux as an unretained expert witness whose opinions it would offer at trial via recordings of testimony

---

[1] Defendants (Syngenta AG, Syngenta Crop Protection AG, Syngenta Corporation, Syngenta Crop Protection, LLC, and Syngenta Seeds, LLC) are referred to collectively as "Syngenta."

1

in related cases,[2] Syngenta moved to compel DeLong to produce Giroux for a deposition.[3] In denying that motion, the undersigned ruled that although Fed. R. Civ. P. 26(b)(4)(A) gives Syngenta the right to depose persons identified as experts whose opinions may be presented at trial, the onus was not on DeLong to produce Giroux against his stated will.[4] Rather, the undersigned concluded that because Giroux was neither a party nor under DeLong's control, if he was "not willing to voluntarily sit for a deposition . . . Syngenta must follow the procedure set out in Fed. R. Civ. P. 45 for subpoenaing a nonparty to attend a deposition."[5]

On September 4, 2020, Syngenta served the subpoena at issue. It commands Giroux to submit to deposition via live video feed in Minneapolis, Minnesota. Within a week of service, Giroux filed the instant motion to quash the subpoena in the District of Minnesota, pursuant to Rule 45(c). Close on its heels came a motion by Syngenta to transfer the motion to quash to this court under the exceptional-circumstances provision of Rule 45(f).[6] After

---

[2] Specifically, DeLong disclosed its intention to present Giroux's opinions "by his prior trial testimony in the [MDL] Kansas farmer class trial, and potentially his trial testimony in the coordinated action pending in the state district court of Hennepin County, Minnesota." ECF No. 64-1 at 2. It further "reserve[d] the right . . . to use at trial [his] other deposition or trial testimony in the MDL, or in the referenced, coordinated proceeding." *Id.* at 3.

[3] ECF No. 63.

[4] ECF No. 67 at 4.

[5] *Id.* at 4-5.

[6] In denying Syngenta's motion to compel and directing Syngenta to follow Rule 45, the undersigned ordered Syngenta to "inform the assigned Minnesota judge that the

full briefing and a hearing on the motions, U.S. District Judge Eric C. Tostrud granted Syngenta's motion to transfer in a thorough opinion issued on October 9, 2020.[7] The motion was transferred to this court on October 15, 2020, and is ripe for ruling.[8]

When the question of Giroux's deposition was last before the court, the undersigned was inclined to decide the then-anticipated motion to quash prior to Syngenta's deadline for filing a motion *in limine* to exclude Giroux's testimony at trial.[9] But further development of the record arising from the motion to quash has indicated a different approach will be more efficient.

Specifically, Giroux and Syngenta have fully developed their arguments about what effect Syngenta's upcoming motion *in limine* might have on the need for Syngenta to further depose Giroux.[10] Giroux has filed a declaration, under penalty of perjury, stating he (1) knows "nothing about DeLong's case against Syngenta," (2) has "not reviewed any documents produced by DeLong," and (3) has not "applied [his] previous opinions

---

undersigned magistrate judge is amenable to accepting transfer of [a motion to quash] under Rule 45(f)." *Id.* at 6.

[7] ECF No. 86.

[8] Additional background of this dispute was set out in the court's September 4, 2020 order denying the motion to compel (ECF No. 67), and the court presumes the reader's familiarity with that opinion.

[9] ECF No. 67 at 6-7.

[10] *See, e.g.,* ECF No. 80 at 5 (Syngenta's recognition that if Giroux's opinions will not come in at trial, "there will be no need for a deposition"); ECF No. 83 at 15-16 (Giroux's argument that any "need" by Syngenta for the deposition "will evaporate" if a motion *in limine* is granted).

concerning the reasonableness of Syngenta's commercialization of Viptera and Duracade to any circumstances that are unique to DeLong."[11] In light of this declaration, it is possible that Judge Lungstrum might limit or fully exclude Giroux's former testimony based, for instance, on the Fed. R. Evid. 702(a) analysis of whether it would be helpful to the jury. And although DeLong has designated Giroux an expert on other, less case-specific topics (such as "the standard of care for the responsible commercialization of new biotech traits" and "the nature and characteristics of the U.S. corn industry"),[12] if Judge Lungstrum limits Giroux's testimony to his previous discussion of such broad topics, the limit would influence the court's opinion on whether Syngenta can show a substantial need to compel Giroux to give *additional* deposition testimony, particularly given Syngenta's past opportunities to question Giroux on the broad topics. Of course, if Judge Lungstrum fully excludes the admission of Giroux's testimony at trial, for whatever reason, Syngenta's reason for seeking to depose Giroux becomes moot.[13]

---

[11] ECF No. 76 at 1-2.

[12] ECF No. 65-1 at 15-16 (expert disclosure of the bellwether plaintiffs in the MDL trial, re-served by DeLong in this case).

[13] Syngenta has stated it seeks Giroux's deposition to solicit testimony that Giroux did not reach opinions about "intervening events" that have occurred since his offered testimony "so that the jury can properly assess the weight to be given his opinions." ECF No. 80 at 16-17. Of course, if the jury will not hear Giroux's testimony, this reason no longer stands.

The undersigned certainly takes no position on how Judge Lungstrum should or will rule, but simply notes the present uncertainty of his ruling on the *limine* motion weighs in favor of granting the motion to quash at this time.

4

In addition, Syngenta has argued the Coordination Order in the MDL does not permit DeLong to use expert deposition testimony from other coordinated proceedings save for impeachment and that Giroux's past risk-assessment opinions did not consider damages focused on exporters like DeLong whose business centers on distiller's dried grains with solubles ("DDGS").[14]  While these arguments are not new, they also favor an approach whereby they are resolved by Judge Lungstrum in a motion *in limine* before an additional deposition of Giroux is considered, as Judge Lungstrum's decision would help frame the relevance and necessity analysis applicable to Rule 45(d).[15]

The undersigned recognizes there is an argument to be made that Syngenta be permitted to depose Giroux *prior* to filing its motion *in limine* such that it might obtain testimony from Giroux to support its argument that Giroux is not a sufficient expert with respect to DeLong's individual case.  But Syngenta's arguments in briefs, taken with Giroux's declaration, suggest Syngenta already has sufficient evidence and a factual narrative developed to support the argument it says it will make *in limine*.  Any limited, additional evidence that could be gleaned from an early deposition of Giroux does not outweigh the interest of a nonparty to not give testimony against his will (unless such

---

[14] ECF No. 63 at 7-8.

[15] The court notes the Rule 26(b)(4)(A) right to depose an expert who may testify at trial yields to the protections of Rule 45(d).  *See Inglis v. Wells Fargo Bank N.A.,* No. 14-cv-677-FtM-29CM, 2016 WL 4193858, at *2 (M.D. Fla. Aug. 9, 2016); *Certain Underwriters at Lloyd's, London Subscribing to Certificate No. IPSI 12559 v. SSDD, LLC,* No. 4:13-CV-193 CAS, 2014 WL 239303, at *2 (E.D. Mo. Jan. 22, 2014).

testimony is shown to be necessary).[16]  The court therefore resolves this chicken-or-egg question in favor of protecting Giroux.

IT IS THEREFORE ORDERED that the motion to quash is granted as a matter of judicial economy, for the reasons discussed above and without considering its substantive merits.  Syngenta's motion *in limine* regarding Giroux's expert testimony is due October 23, 2020.[17]  With respect to this motion only, the briefing deadlines set in the pretrial order are amended: the response will be due October 30, 2020, and the reply will be due November 5, 2020.  The principal briefs shall be limited to 10 double-spaced pages, and the reply shall be limited to 5 double-spaced pages.  Should Judge Lungstrum deny the motion *in limine* (or reserve ruling until trial), the court will reactivate the motion to quash and decide it on the current briefs.

Dated October 16, 2020, at Kansas City, Kansas.

   s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

---

[16] *See* ECF No. 75 at 23 n.9 (Giroux's argument that "to avoid unnecessary burden to Giroux, Syngenta could have *first* made its arguments for why Giroux's prior trial testimony about *Syngenta's* misconduct in 2010-2014 should be excluded because Giroux did not render opinions about DeLong or about a trade dispute between the U.S. and China that began in 2018—the two bases Syngenta offered for why it wants to depose Giroux. And if the Court were to conclude that those bases are irrelevant to the admissibility of Giroux's opinion—for example, because DeLong's damages period ended by February 15, 2015—then no deposition of Giroux would be needed." (emphasis in original; internal citation omitted)).

[17] *See* ECF No. 73 at 37, 39.